## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**JACKSON ANTONIO PINEDA ZAMORA**, and all others similarly situated under 29 U..C. 216(b),

    Plaintiff,

vs.

**COOL EXPRESS, LLC,**
**JUAN DAVID BERNAL, and**
**VIVIANA SEGURA,**

    Defendants.

CASE NO.: **16-CV-24896**-Cooke/Torres

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW the Defendants, Cool Express, LLC ("Cool Express"), Juan David Bernal ("Mr. Bernal"), and Viviana Segura (Ms. Segura"), collectively referred to as the "Defendants", by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations, and in support thereof state as follows:

1. Defendants admit that this purports to be a claim under the Fair Labor Standards Act, as amended (29 U.S.C §201-§216, *et seq.,* hereinafter called the "FLSA"), but denies Plaintiff is entitled to any relief whatsoever, otherwise denied.

2. Defendants admit the allegations contained within this paragraph.

3. Defendants admit the allegations contained within this paragraph.

4. Defendants admit the allegations contained within this paragraph.

5. Defendants deny the allegations contained within this paragraph.

6. Defendants admit the allegations contained within this paragraph.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

7. Defendants deny the allegations contained within this paragraph.

8. Defendants admit that this purports to be a claim under the FLSA, but denies Plaintiff is entitled to any relief whatsoever, otherwise denied.

9. Defendants admit that the FLSA states said language quoted in this paragraph, but denies Plaintiff is entitled to any relief whatsoever, otherwise denied.

10. Defendants admit the allegations contained within this paragraph.

11. Defendants deny the allegations contained within this paragraph.

12. Defendants admit that this purports to be a claim under the FLSA, but denies Plaintiff is entitled to any relief whatsoever, otherwise denied.

13. Defendants deny the allegations contained within this paragraph.

14. Defendants deny the allegations contained within this paragraph.

15. Defendants deny the allegations contained within this paragraph.

16. Defendants deny the allegations contained within this paragraph.

## **AFFIRMATIVE DEFENSES AND DEFENSES**

In response to the Complaint, Defendants assert the following affirmative defenses and defenses:

17. Plaintiff fails to state a cause of action under the FLSA.

18. Plaintiff fails, in whole or in part, to state a claim against Defendants for which relief may be granted.

19. Plaintiff was paid for all hours of work in compliance with the FLSA.

20. Any actions toward Plaintiff were taken in full compliance with the law applicable to the parties at the time said action was taken.

21. Defendants acted at all times in good faith and had reasonable grounds to believe that their actions were not a violation of the FLSA, and/or any other federal, state or local law or regulation and, therefore, liquidated damages are not appropriate in this action.

22. The act or omission complained of was in good faith, in conformity with, and in reliance on any administrative regulation, order, ruling, approval, or interpretation, or any administrative practice or enforcement policy with respect to the class of employers to which Plaintiff belonged.

23. Defendants are entitled to any and all exemptions and credits that are applicable to Plaintiff under the FLSA.

24. Any time worked by either Plaintiff in excess of forty (40) hours per workweek was *de minimis*.

25. Plaintiff did not work the hours that he claims nor did he spend all of his time working on the authorized work tasks and responsibilities assigned to him by Defendants.

26. Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable law.

27. Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the two (2) year statute of limitations for non-willful violations.

28. To the extent discovery reveals that Plaintiff failed to follow applicable policies for reporting hours worked, Defendants will invoke the doctrine of estoppel and/or waiver to bar such claims.

29. Plaintiff's claims must be offset by any premium compensation, overpayments, bonuses, advances, commissions or other job-related benefits or funds paid or provided, including a reduction for any compensation already paid for periods not compensable under the FLSA, and those to which he had no entitlement.

30. Plaintiff received any and all compensation he was entitled to under the FLSA.

31. If Plaintiff is entitled to any recovery, Plaintiff is not entitled to pre-judgment interest.

32. Plaintiff has failed to allege a sufficient basis for recovering attorneys' fees and costs.

33. Defendants reserve the right to assert additional affirmative defenses that may be discovered during the defense of this matter.

**WHEREFORE**, Defendants, having answered the Complaint, pray that judgment be entered in their favor, that they be awarded costs and attorney's fees incurred in defense of this matter, and that the Court award such other relief to Defendants as it deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF to J.H. Zidell, P.A., at zabogado@aol.com, on this  20th  day of February, 2017.

Respectfully Submitted,

CARMENATES LAW FIRM P.A.

By: /s/ Nelson Carmenates
Nelson Carmenates, Esq
Attorney for Plaintiff
Florida Bar Number: 22396
1300 N.W. 84th Ave
Doral, Florida 33126
Telephone: (786) 999-6472
Fax: (786) 999-6473
Primary E-Mail: nelson@dacalaw.com
Secondary E-Mail: kd@dacalaw.com