# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among COOL EXPRESS, LLC, including its representatives, attorneys, successors, and assigns, JUAN DAVID BERNAL, including his heirs, representatives, attorneys, successors, and assigns, VIVIANA SEGRA, including her heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants"), and JACKSON ANTONIO PINEDA ZAMORA, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

   - Title VII of the 1964 Civil Rights Act;
   - The Civil Rights Act of 1991;
   - The Age Discrimination in Employment Act;
   - The Equal Pay Act;
   - The Fair Labor Standards Act ("FLSA");
   - The Employee Retirement Income Security Act (ERISA);
   - The Americans with Disabilities Act of 1990;
   - The Rehabilitation Act of 1973;
   - The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
   - The Occupational Safety and Health Act;
   - Chapter 760, Florida Statutes;
   - The Florida Private Whistle-blower's Act of 1991;
   - Chapter 11A of the Miami-Dade County Code; and
   - Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

1 of 5

___ Jackson Antonio Pineda Zamora

___ Cool Express, LLC
___ Juan David Bernal
___ Viviana Segura

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Jackson Antonio Pineda Zamora and all others similarly situated under 29 U.S.C. 216(b) v. Cool Express, LLC, Juan David Bernal, and Viviana Segura*, Case No.: 16-24896-CIV-EGT [CONSENT CASE] pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Eight Thousand Dollars and 00/100 Cents ($8,000.00) (the "Settlement Funds"), which shall be issued in two equal settlement installments as set forth herein. Each check shall be issued to the "Trust Account of J.H. Zidell, P.A." and all of the checks shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than May 1, 2017. The Second Installment check shall be delivered post-dated with the First Installment check as follows:

i. Four Thousand Dollars and 00/100 Cents ($4,000.00) due and payable no later than May 1, 2017 (the "First Installment");

ii. Four Thousand Dollars and 00/100 Cents ($4,000.00) due and payable no later than June 1, 2017 (the "Second Installment").

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00), of which One Thousand Seven Hundred Fifty Dollars and 00/100 Cents ($1,750.00) represents unpaid overtime wages and One Thousand Seven Hundred Fifty Dollars and 00/100 Cents ($1,750.00) represents liquidated damages; and

ii. Plaintiff's Counsel shall receive the total amount of Four Thousand Five Hundred Dollars and 00/100 Cents ($4,500.00), of which Three Thousand Nine Hundred Thirty Dollars and 00/100 Cents ($3,930.00) represents attorneys' fees and Five Hundred Seventy Dollars and 00/100 Cents ($570.00) represents costs in this litigation.

Of the First Installment Plaintiff shall receive the total amount due to him under this Agreement.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Defendants shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than April 28, 2017. The Parties have expressly agreed that the Settlement Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval.

3. **Payment Default.** Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for

___ Jackson Antonio Pineda Zamora

___ Cool Express, LLC
___ Juan David Bernal
___ Viviana Segura

non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Nelson Carmenates, at Nelson@dacalaw.com.In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment (the Settlement Funds) and an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount (the Settlement Funds) (totaling $6,000.00 to each Installment payment). An additional written notification is **not** required should Defendants cure the breach but fail to include the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00).In the event that Defendants, jointly and severally, fail to cure said breach including the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00) within three (3) business days of receiving the written notification via e-mail, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Eighteen Thousand Dollars and 00/100 Cents ($18,000.00), less payments received. In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants.

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

7. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

8. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

___ Jackson Antonio Pineda Zamora              ___ Cool Express, LLC
                                                ___ Juan David Bernal
                                                ___ Viviana Segura

9. **Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

10. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

14. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

16. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

___ Jackson Antonio Pineda Zamora

___ Cool Express, LLC
___ Juan David Bernal
___ Viviana Segura

17.     **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

18.     **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

19.     **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

**JACKSON ANTONIO PINEDA ZAMORA**

By:_____
**JACKSON ANTONIO PINEDA ZAMORA**

Date: _____

**COOL EXPRESS, LLC**

By: _Juan David Bernal_____
Name: _____
Title: _____
Date: _4/28/17_____

**JUAN DAVID BERNAL**

By: _____
**JUAN DAVID BERNAL**

Date: _4/28/17_____

**VIVIANA SEGURA**

By: _____
**VIVIANA SEGURA**

Date: _____

___ Jackson Antonio Pineda Zamora

___ Cool Express, LLC
___ Juan David Bernal
___ Viviana Segura




## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among COOL EXPRESS, LLC, including its representatives, attorneys, successors, and assigns, JUAN DAVID BERNAL, including his heirs, representatives, attorneys, successors, and assigns, VIVIANA SEGRA, including her heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants"), and JACKSON ANTONIO PINEDA ZAMORA, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

   - Title VII of the 1964 Civil Rights Act;
   - The Civil Rights Act of 1991;
   - The Age Discrimination in Employment Act;
   - The Equal Pay Act;
   - The Fair Labor Standards Act ("FLSA");
   - The Employee Retirement Income Security Act (ERISA);
   - The Americans with Disabilities Act of 1990;
   - The Rehabilitation Act of 1973;
   - The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
   - The Occupational Safety and Health Act;
   - Chapter 760, Florida Statutes;
   - The Florida Private Whistle-blower's Act of 1991;
   - Chapter 11A of the Miami-Dade County Code; and
   - Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

1 of 5

**JAPZ** Jackson Antonio Pineda Zamora

___ Cool Express, LLC
___ Juan David Bernal
___ Viviana Segura

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Jackson Antonio Pineda Zamora and all others similarly situated under 29 U.S.C. 216(b) v. Cool Express, LLC, Juan David Bernal, and Viviana Segura*, Case No.: 16-24896-CIV-EGT [CONSENT CASE] pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Eight Thousand Dollars and 00/100 Cents ($8,000.00) (the "Settlement Funds"), which shall be issued in two equal settlement installments as set forth herein. Each check shall be issued to the "Trust Account of J.H. Zidell, P.A." and all of the checks shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than May 1, 2017. The Second Installment check shall be delivered post-dated with the First Installment check as follows:

i. Four Thousand Dollars and 00/100 Cents ($4,000.00) due and payable no later than May 1, 2017 (the "First Installment");

ii. Four Thousand Dollars and 00/100 Cents ($4,000.00) due and payable no later than June 1, 2017 (the "Second Installment").

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00), of which One Thousand Seven Hundred Fifty Dollars and 00/100 Cents ($1,750.00) represents unpaid overtime wages and One Thousand Seven Hundred Fifty Dollars and 00/100 Cents ($1,750.00) represents liquidated damages; and

ii. Plaintiff's Counsel shall receive the total amount of Four Thousand Five Hundred Dollars and 00/100 Cents ($4,500.00), of which Three Thousand Nine Hundred Thirty Dollars and 00/100 Cents ($3,930.00) represents attorneys' fees and Five Hundred Seventy Dollars and 00/100 Cents ($570.00) represents costs in this litigation.

Of the First Installment Plaintiff shall receive the total amount due to him under this Agreement.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Defendants shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than April 28, 2017. The Parties have expressly agreed that the Settlement Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval.

3. **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for

__JAPZ__ Jackson Antonio Pineda Zamora                    ___ Cool Express, LLC
                                                          ___ Juan David Bernal
                                                          ___ Viviana Segura

non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Nelson Carmenates, at Nelson@dacalaw.com.In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment (the Settlement Funds) and an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount (the Settlement Funds) (totaling $6,000.00 to each Installment payment). An additional written notification is **not** required should Defendants cure the breach but fail to include the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00).In the event that Defendants, jointly and severally, fail to cure said breach including the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00) within three (3) business days of receiving the written notification via e-mail, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Eighteen Thousand Dollars and 00/100 Cents ($18,000.00), less payments received. In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants.

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

7. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

8. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

3 of 5

JAPZ Jackson Antonio Pineda Zamora          ___ Cool Express, LLC
                                             ___ Juan David Bernal
                                             ___ Viviana Segura

9. **Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

10. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

14. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

16. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

4 of 5

JAPZ Jackson Antonio Pineda Zamora

\_\_\_ Cool Express, LLC
\_\_\_ Juan David Bernal
\_\_\_ Viviana Segura

17. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

18. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

19. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

JACKSON ANTONIO PINEDA ZAMORA

By: _[signature]_
JACKSON ANTONIO PINEDA ZAMORA

Date: 04/28/2017

COOL EXPRESS, LLC

By:_____
Name:
Title:
Date: _____

JUAN DAVID BERNAL

By:_____
JUAN DAVID BERNAL

Date: _____

VIVIANA SEGURA

By:_____
VIVIANA SEGURA

Date: _____